UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNIQUE PRODUCT SOLUTIONS, LIMITED<br>c/o BDB AGENT CO.<br>3800 Embassy Parkway, Suite 300<br>Akron, Ohio 44333<br><br>    Relator<br><br>vs.<br><br>CLEARSNAP HOLDING, INC.<br>15218 Josh Wilson Road<br>Burlington, WA  98233<br><br>    Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br>COMPLAINT AND JURY DEMAND |

## COMPLAINT AND JURY DEMAND

*Qui tam* relator Unique Product Solutions, Limited ("UPS"), for its Complaint against Defendants Clearsnap Holding, Inc. (the "Defendant"), alleges as follows:

## BACKGROUND

1. This is an action for false patent marking under Title 35, Section 292, of the United States Code.

2. Defendant has violated 35 U.S.C. § 292(a) by marking articles with invalid and unenforceable patent rights with the purpose of deceiving the public.  More specifically, the Defendant has marked upon, affixed to, and/or used in advertising in connection with such products the word "patent" and/or words or numbers importing that the product is patented, while Defendant knew that the articles were improperly marked. *See, The Forest Group, Inc. v. Bon Tool Co.*,  590 F.2d 1295, 1302-04 (Fed. Cir., 2009).

1

3. 35 U.S.C. § 292 exists to provide the public with notice of a party's valid and enforceable patent rights.

4. False marking deters innovation and stifles competition in the marketplace. More specifically, falsely marked articles that are otherwise within the public domain deter potential competitors from entering the same market and confuse the public.

5. False marks may also deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement.

6. False marking can cause unnecessary investment in costly "design arounds" or result in the incurring of unnecessary costs to analyze the validity or enforceability of a patent whose number has been marked upon a product with which a competitor would like to compete.

7. False marking deceives the public into believing that a patentee controls the article in question, and permits the patentee to impermissibly extend the term of its monopoly.

8. False marking also increases the cost to the public of ascertaining whether a patentee in fact controls the intellectual property embodied in an article. More specifically, in each instance where it is represented that an article is patented, a member of the public desiring to participate in the market for the marked article must incur the cost of determining whether the involved patents are valid and enforceable.

9. False markings may also create a misleading impression that the falsely marked product is technologically superior to other available products, as articles bearing the term "patent" may be presumed to be novel, useful, and innovative.

10. 35 U.S.C. § 292 specifically authorizes *qui tam* actions to be brought by any person on behalf of the United States government. By permitting members of the public to sue on

behalf of the government, Congress allows individuals to help control false marking when the U.S. government does not have the resources to do so.

## THE PARTIES

11. UPS is an Ohio limited liability company with a mailing address of BDB Agent Co., 3800 Embassy Parkway, Akron, Ohio 44333.

12. UPS exists to conduct all lawful business, including but not limited to enforcing the false marking statute as specifically permitted by 35 U.S.C. § 292.

13. In this action, UPS represents the United States and the public, including Defendant's existing and future competitors.

14. Upon information and belief, Defendant is a Washington corporation with its principal place of business at 15218 Josh Wilson Road, Burlington, Washington 98233.

15. Defendant, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units, regularly conducts and transacts business throughout the United States, including in Ohio and within the Northern District of Ohio.

## JURISDICTION AND VENUE

16. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over the Defendant. Defendant has conducted and does conduct business within the State of Ohio. Defendant, directly or through subsidiaries or intermediaries, offers for sale, sells, marks and/or advertises the products that are the subject of this Complaint in the United States, the State of Ohio, and the Northern District of Ohio.

18. Defendant has voluntarily sold the products that are the subject of this Complaint in this District, either directly to customers in this District or through intermediaries with the expectation that the products will be sold and distributed to customers in this District. These products have been and continue to be purchased and used by consumers in the Northern District of Ohio. Defendant has committed acts of false marking within the State of Ohio and, more particularly, within the Northern District of Ohio.

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1395(a), because (i) Defendant's product that is the subject matter of this cause of action is advertised, marked, offered for sale, and/or sold in various retail stores and/or on the Internet in this District; (ii) a substantial part of the events or omissions giving rise to the claim occurred in this District; and (iii) Defendant is subject to personal jurisdiction in this District, as described above.

20. UPS brings this action under 35 U.S.C. § 292, which expressly provides that any person may sue for the civil monetary penalties imposed for each false patent marking offense.

**FACTS**

21. UPS incorporates by reference the foregoing paragraphs as if fully set forth herein.

22. Upon information and belief, Defendant is a relatively large, sophisticated company.

23. Upon information and belief, Defendant has, or regularly retains, sophisticated legal counsel, including intellectual property counsel.

24. Upon information and belief, Defendant, and its related entities, have years of experience applying for patents, obtaining patents, licensing patents, litigating in patent infringement lawsuits, and/or marking their products with patents.

25. Upon information and belief, Defendant maintains, or its intellectual property

counsel maintains on Defendant's behalf, an intellectual property docketing system with respect to Defendant's intellectual property rights, including Defendant's patents.

26. Defendant knows, or reasonably should know, that 35 U.S.C. § 292 prohibits a person from marking a product with an expired patent number.

27. Each false marking on the products identified in this Complaint is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

28. Defendant's false marking of products has wrongfully stifled competition with respect to such products thereby causing harm to UPS, the United States, and the public.

29. Defendant has wrongfully and illegally advertised patent monopolies which it does not possess and, as a result, has benefited by maintaining a substantial market share with respect to the products referenced in this Complaint.

30. Defendant has violated 35 U.S.C. § 292, which prohibits a person from marking a product with an expired patent number.

## COUNT 1

## FALSE MARKING

31. The application for United States Patent No. D353,392 (the "'392 Patent"), titled *Combined Stamp Pad and Container Therefor,* was filed on September 29, 1992 and issued by the United States Patent and Trademark Office ("USPTO") on December 13, 1994. *See* Exhibit A.

32. The '392 Patent expired no later than December 14, 2008, almost 2 years ago.

33. Upon information and belief, Defendant knew that the '392 Patent expired at least as early as 2008.

34. As of July 22, 2010, Defendant continues to sell, import or offer for sale at least the following product (the "Falsely Marked Product"), which is marked with the '392 Patent, or mark the product with the '392 Patent, despite the fact that the '392 Patent expired 2 years ago:  ColorBox Cat's Eye Adapter Set.  *See* Exhibit B (photographs of the Falsely Marked Product and the copy of a receipt for the Falsely Marked Product, which was purchased in the District on July 22, 2010).

35. Not only is the Falsely Marked Product marked with the expired '392 Patent, but the Falsely Marked Product is also falsely marked because it is not covered by the '392 Patent.  More specifically, the '392 Patent claims the "new design for a combined stamp pad and container therefor, as shown and described," which is different than the Falsely Marked Product.

36. Upon information and belief, Defendant is selling or offering for sale additional products marked with the '392 Patent, which expired 2 years ago.

37. Defendant marked the Falsely Marked Product with the '392 Patent, which expired more than 2 years ago, with the intent to deceive the public.

38. Defendant marked the Falsely Marked Product with the '392 Patent, which clearly does not cover the Falsely Marked Product, with the intent to deceive the public.

39. Defendant knew or should have known that marking the Falsely Marked Products with an expired and/or invalid patent violates 35 U.S.C. § 292, which only authorizes marking on a "patented" article.

40. Defendant intended to deceive the public by marking or causing to be marked the Falsely Marked Products with a patent that expired more than 2 years ago.

41. Defendant intended to deceive the public by marking or causing to be marked the Falsely Marked Products with a patent that clearly does not cover the Falsely Marked Product.

6

**PRAYER FOR RELIEF**

WHEREFORE, Relator, Unique Product Solutions, Limited requests the Court, pursuant to 35 U.S.C. § 292, to:

A. Enter judgment against Defendant, and in favor of UPS, for the violations alleged in this Complaint;

B. Enter an injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from further violating 35 U.S.C. § 292 by marketing, selling or offering for sale any product that is marked (including packaging) with the '392 Patent;

C. Enter an injunction ordering Defendant to recall all products, including, without limitation, the Falsely Marked Product, that Defendant has sold, caused to be sold or otherwise caused to be placed into commerce that were marked with the '392 Patent, either after the expiration date of said patent or which were not covered by the '392 Patent;

D. Order Defendant to pay a civil monetary fine of up to $500 per false marking violation, one-half of which shall be paid to the United States and one-half of which shall be paid to UPS;

E. Enter a judgment and order requiring Defendant to pay UPS prejudgment and post-judgment interest on the damages awarded;

F. Order Defendant to pay UPS's costs and attorney fees; and

G. Grant UPS such other and further relief as it may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Relator demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

DATED:  August 10, 2010                                 Respectfully submitted:

*/s/ David J. Hrina*
Mark J. Skakun, III (No. 0023475)
David J. Hrina (No. 0072260)

BUCKINGHAM, DOOLITTLE &
BURROUGHS, LLP
3800 Embassy Parkway
Suite 300
Akron, OH 44333
Telephone: (330) 376-5300
Facsimile: (330) 258-6559

Counsel for Plaintiff
Unique Product Solutions, Limited

«AK3:1036986_v1»